UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 5:12-CR-47-KKC |
| V. | ) ) | |
| ELIJAH WITT, JR., | ) ) | RECOMMENDED DISPOSITION[1] |
| Defendant. | ) ) ) | |

\*\*\* \*\*\* \*\*\*

The Court conducted a competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d). Procedurally, the hearing followed a joint oral motion for examination made by counsel for Defendant and counsel for the United States at Witt's initial appearance. *See* DE #3. The Court, upon the required findings, ordered a competency evaluation. *See* DE ##4, 10. Due to the pending issue of detention and Witt's self-harming behavior in the holding cell, which prevented his presence at the initial appearance, the Court ordered a custodial evaluation. *See* DE #3.

The evaluation occurred, as ordered by the Court, at the Federal Correctional Institution in Butner, North Carolina ("FCI Butner"). *See* DE #10. All parties had access to the resulting forensic report (referenced as the "Report") issued by licensed BOP forensic psychologist Dr.

---

[1] The Court issues this order as a Recommended Disposition to preserve the parties' right to a full *de novo* review, if sought, before the District Judge and in recognition that competency may qualify as a dispositive issue. *See, e.g., United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068-69 (9th Cir. 2004) (discussing nature of competency determination as potentially considered dispositive).

Dawn Graney. *See* DE #20. In the May 14, 2012 Report, Dr. Graney opines that Witt is not competent at this time. *See id.* at 19-20.

Both counsel for the parties and Dr. Graney, in her report, expressed concern about transporting Defendant back to the District for a competency hearing. *See* DE ##18, 20. Specifically, Dr. Graney stated

> Given Mr. Witt's history of engaging in combative and self-injurious behaviors when transported at various times in the past, this writer does have concern for his safety and the safety of escorting staff should the defendant be required to return to Court for the competency hearing. Additionally, Mr. Witt is currently in an inpatient treatment setting, where he is receiving essential psychiatric and medical care. Therefore, there is concern about continuity of care issues (e.g., regularly receiving medications) should he be moved to another facility while awaiting his hearing.

DE #20 at 20. Accordingly, the Court set the matter for a status conference, for counsel only. *See* DE ##19, 21. Following the conclusion of briefing on relevant issues, including Witt's right to be present for the hearing, the Court conducted a second status conference. *See* DE ##21, 25. There, the Court determined that Defendant would participate in his competency hearing remotely, via video conference. *See* DE #25. The Court required an attorney to be present with Witt at the hearing site. *See id.*

After working out the mechanics and logistics of conducting Defendant's competency hearing by video, the Court scheduled the hearing for and held the hearing on July 24, 2012.[2] *See* DE ##26, 28; *see also* DE #25. Defendant, Defendant's counsel, and Dr. Graney appeared by

---

[2] Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C. § 4241(c) (referencing Section 4247(d) for hearing procedure).

video conference from the Federal Medical Center in Butner, North Carolina ("FMC Butner").[3] *See* DE #28. The Court and counsel for the United States participated from a conference room in the courthouse. *See id.* During the course of the hearing, the parties stipulated to the admissibility of the Report and to Dr. Graney's qualifications. *See id.* The Court heard testimony from Dr. Graney. At the request of defense counsel and without objection from the United States, the Court also heard testimony from Defendant, which was limited to responses to questions from defense counsel designed to demonstrate Defendant's demeanor and his understanding of the nature of the hearing and counsel's role.

At the conclusion of the hearing, neither party challenged Dr. Graney's finding that Witt currently suffers from a severe mental disease or defect rendering him unable to under the nature and consequences of the proceedings against him and to assist properly in his defense. *See* DE #20 at 19. Instead, the parties disagreed mildly about Defendant's ability to attain competency in the future. The United States argued, consistent with Dr. Graney's opinion, that Defendant should remain in custody for a reasonable period of time to determine whether he can attain the capacity to permit proceedings to go forward. *See* 18 U.S.C. § 4241(d). Defense counsel, on unspecified authority, asked the Court to consider discharging Witt for placement in a residential facility.

Section 4241 codifies the competency principles of *Dusky v. United States*, 80 S. Ct. 788 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual

---

[3] During the evaluation period, FCI Butner transferred Defendant to FMC Butner due to his need for emergent medical and psychiatric care.

3

understanding of the proceedings against him." *See Dusky*, 80 S. Ct. at 789; *see also* 18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*).

Ultimately, per Section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of Section 4241(a). This framework **suggests** that the defense bears the burden, although the cases are in disagreement on burden allocation. *Compare United States v. Chapple,* No. 94-5048, 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995) (table) (burden on United States, though without statutory analysis) and *United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden on United States) *with United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, because the parties do not dispute Defendant's current incompetence, and because the Graney Report and testimony stand alone, the Court need not resolve the burden allocation question. *See, e.g.*, *Medina v. California*, 112 S. Ct. 2572, 2579 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

The Court has carefully considered the record, including the competency report, the testimony and arguments at the hearing, and the stipulations of the parties. Although Dr. Graney was unable to conduct meaningful clinical interviews or perform psychological testing due to Witt's acute mental health symptoms, *see* DE #20 at 1, the Report provides a comprehensive description and assessment of Defendant's behavior at the facilities in Butner and Defendant's

mental health history. Dr. Graney noted that Witt has been psychiatrically hospitalized several times in the past, and he has a history of suicidal, self-harming, and aggressive behavior. Dr. Graney further noted Defendant's history of head trauma and low intellectual functioning. While at the facilities in Butner, staff observed Witt banging his head against the wall, smearing feces throughout his cell, and making threatening comments towards others. According to Dr. Graney, in her own conversations with Defendant, he expressed delusional thoughts and auditory and olfactory hallucinations. Witt was generally uncooperative with FCI Butner staff, requiring a calculated use of force to remove him from unsanitary conditions in his cell for necessary medical treatment. In her Report, Dr. Graney determined that Witt is incompetent, applying the *Dusky* standard. *See* DE #20 at 19 ("Mr. Witt is . . . clearly incapable of attending to the proceedings, testifying on his own behalf, or making rational decisions[.]").

At the hearing, Dr. Graney testified that after approximately two months (beginning in early June) of compliance with treatment, including anti-psychotic and anti-depressant medications, at FMC Butner, Defendant's condition has improved. She testified that Witt is much calmer, and he was able to communicate with his attorney prior to the competency hearing. Indeed, the Court notes that Witt sat calmly through the entirety of the thirty-five minute proceeding, and he appropriately responded to questions from his counsel and the Court.

In spite of Witt's progress, Dr. Graney testified that it continues to be her opinion that Witt is not currently competent. She noted that in her conversation with him just prior to the hearing, his delusional ideations remained present. Further, he was on suicide watch as recently as early July. Self-harming conduct of lesser frequency and intensity has continued. Still, Dr.

Graney[4] opined that there is a "substantial probability" Defendant will attain competency in the "foreseeable future." *See* 18 U.S.C. § 4241(d)(1). Dr. Graney noted that although a recent state competency examiner (from 2010) determined Witt to be incompetent, he has been found competent in the past (in 2009), which bolsters her opinion that he could attain competency in the future. Dr. Graney indicated a substantial probability of competency with four continuous months of treatment. Dr. Graney conceded, however, that Witt's is a complex case, involving mental illness, historical head trauma, and a low intelligence level, and thus there will be a limit to Witt's ability to improve and function.

Dr. Graney's well-supported opinion that Witt is currently incompetent stands unchallenged. The record and the Court's own experience with Defendant support her findings, although progress is apparent. Thus, per § 4241(d), the Court finds, by a preponderance of the evidence, that Defendant is presently suffering from a mental disease or defect that renders him unable to understand the nature and consequences of the proceedings and unable to assist properly in his defense. Accordingly, the Court **RECOMMENDS** that the District Judge find Witt incompetent to face further proceedings, to include trial, in this matter.

Additionally, the Court is persuaded by Dr. Graney's testimony and its own observation of Witt's marked improvement during the competency hearing that there is a substantial probability Witt will attain competency within the additional period Dr. Graney described.[5] *See*

---

[4] Dr. Graney basically jumped past the first sub-step of § 4241(d) by including a prognosis in the competency report. Thus, she did not need an additional period to "determine" prognosis under (d)(1). The Court thus moved directly to (d)(2) and defined the period during which Graney believes competency is attainable.

[5] The Court notes that Defendant filed a Rule 12.2 notice of his intent to assert a defense of insanity. *See* DE #17. The United States has not yet moved for an evaluation that would

18 U.S.C. § 4241(d)(1). The Court finds, consistent with Dr. Graney's recommendation, that four months, beginning June 1, 2012, is a reasonable additional period of time for Witt to remain hospitalized for treatment at FMC Butner pursuant to § 4241(d)(2), based on a substantial probability that he will attain competency in that time frame. The finding rests on Graney's opinions and the evident benefits from two months of treatment, which allowed Witt to participate in the hearing in a meaningful if limited way. Accordingly, the Court **RECOMMENDS** that the District Court direct Witt to remain hospitalized for treatment until September 30, 2012. Unless otherwise ordered, if Witt's mental condition has not so improved as to permit proceedings to go forward at that time, and/or if the case is dismissed, Witt would be subject to the provisions of §§ 4246 and, if applicable, 4248. *See* 18 U.S.C. § 4241(d). The District Court also should order no transport of Defendant without input from Dr. Graney and counsel concerning the safety and propriety of transportation at that time.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Rule 59(b) requires that specific written objections be filed within fourteen (14) days of service of this Recommended Disposition. Failure to object per Rule 59(b) waives a party's right to review.

This the 27th day of July, 2012.

---

encompass Witt's criminal responsibility. During the competency hearing, Dr. Graney indicated that although such an evaluation *could* be conducted at this time, she believes it is best to address the issue *after* Witt attains competency. The Court, of course, will not order an evaluation on the issue of criminal responsibility absent a request from the government.

7

Signed By:

*Robert E. Wier* *REW*

**United States Magistrate Judge**